IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| CORA S. LEONARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:07-CV-265 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act. For the reasons provided herein, defendant's motion for summary judgment [doc. 14] will be granted, and plaintiff's motion for summary judgment [doc. 12] will be denied. The final decision of the Commissioner will be affirmed.

I.

*Procedural History*

Plaintiff filed the present application in May 2004, claiming to be disabled by allergies, asthma, and medication-induced drowsiness. [Tr. 44, 51]. She alleged a disability onset date of November 11, 2002. [Tr. 44]. The application was denied initially and on

reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") in October 2005.

In February 2006, the ALJ issued a decision denying benefits. He found that plaintiff suffers from the "severe" impairments of asthma, bronchitis, and allergies, but that these conditions did not meet or equal any impairment listed by the Commissioner. [Tr. 18]. The ALJ concluded that plaintiff retains the residual functional capacity ("RFC') to perform a narrow range of light exertion. [Tr. 19]. Relying on vocational expert testimony, the ALJ further concluded that plaintiff remained able to either return to her past relevant work or perform other jobs existing in significant numbers in the economy. [Tr. 19-20]. Plaintiff was accordingly found ineligible for benefits.

Plaintiff then sought review from the Commissioner's Appeals Council. Review was denied on August 30, 2007, notwithstanding plaintiff's submission of ten pages of additional medical records. [Tr. 5, 8].[1] The ALJ's ruling therefore became the

---

[1] Plaintiff's additional documents are discussed in her brief and are included in the administrative record. [Tr. 249-60]. This court can remand a case for further administrative proceedings where a claimant shows that late-submitted evidence meets each prong of the "new, material, and good cause" standard of sentence six, 42 U.S.C. § 405(g). Plaintiff, however, has made no effort to articulate how her evidence warrants sentence six remand, nor has she even cited sentence six. The issue is accordingly waived, and the additional medical evidence has *not* been considered by this court. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("Plaintiff has not only failed to make a showing of good cause, but also has failed to even cite this relevant section or argue a remand is appropriate."); *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (citation omitted). Although plaintiff's counsel has been previously warned that motions relying upon unbriefed sentence six evidence will no longer be accepted by the undersigned, *see Hilton v. Astrue*, No. 2:07-CV-117, 2008 WL 1733149 (E.D. Tenn. Apr. 10, 2008), the instant briefing was filed prior to the *Hilton* opinion and for that reason
(continued...)

Commissioner's final decision. *See* 20 C.F.R. § 404.981. The Commissioner does not contest that the present complaint was then timely brought before this court. *See* 42 U.S.C. § 405(g).

II.

*Background*

Plaintiff was born in 1952. [Tr. 44]. She has a twelfth grade education. [Tr. 268]. Her past relevant work is as a customer service representative and receptionist. [Tr. 51-52].

Plaintiff claims disabling allergic reactions to toiletries, vehicle exhaust, cigarette smoke, and cleaning supplies. [Tr. 86]. She also complains of pain and cramping in her hands and feet. [Tr. 87, 93, 100-01, 265-68]. She claims to be restricted in her abilities to stand, walk, lift, and hold. [Tr. 266-67].

III.

*Applicable Legal Standards*

This court's review is confined to whether the ALJ applied the correct legal standards and whether his factual findings were supported by substantial evidence. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol.*

---

[1](...continued)
has not been stricken from the record.

*Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). Nonetheless, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 490 (1951).

A claimant is entitled to disability insurance payments under the Social Security Act if she (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for disability insurance benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1). "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423 (d)(2)(A). Disability is evaluated pursuant to a five-step analysis summarized by the Sixth Circuit as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters*, 127 F.3d at 529 (citing 20 C.F.R. § 404.1520). Claimants bear the burden of proof at the first four steps. *See Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *See id*.

IV.

*Vocational Expert Testimony*

Vocational expert Robert Spangler ("Dr. Spangler" or "VE") testified at plaintiff's administrative hearing. Dr. Spangler categorized plaintiff's past relevant jobs as sedentary and semi-skilled. [Tr. 271].

The ALJ presented a hypothetical claimant of plaintiff's age, education, and work experience. The claimant would be further limited by the restrictions predicted by non-examining state agency physician Malta Naramore: occasionally lifting up to twenty pounds;

5

frequently lifting up to ten pounds; standing/walking between two and six hours per workday; sitting approximately six hours per workday; no climbing of ladders; no concentrated exposure to hazards or temperature extremes; and "avoid[ing] even moderate exposure" to respiratory irritants. [Tr. 214-17, 271].

In response, the VE testified that the hypothetical claimant would be capable of performing "a very narrow range of light" work. [Tr. 272]. He identified a significant number of jobs existing in the national (approximately 890,000) and regional (approximately 11,000) economies which the hypothetical worker could perform. [Tr. 272-73]. If plaintiff's subjective complaints were fully credited, all full-time employment would be precluded. [Tr. 273].

V.

*Analysis*

As noted above, the ALJ determined that plaintiff suffers from the "severe" impairments of asthma, bronchitis, and allergies. On appeal, plaintiff argues only that the ALJ erred in not finding that her other alleged impairments were also severe, "and in failing to consider the effects of these impairments on Plaintiff's ability to work." [Doc. 13, p. 7]. All other issues on appeal have thus been waived. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006) ("we decline to formulate arguments on [plaintiff's] behalf, or to undertake an open-ended review of the entirety of the administrative record . . . . Rather, we limit our consideration to the particular points that [plaintiff] appears to raise in her brief

6

on appeal.").

As plaintiff correctly observes, the "severe" impairment threshold is a "*de minimis* hurdle" which is to be used only "as an administrative convenience to screen out claims that are 'totally groundless' solely from a medical standpoint." *Higgs v. Bowen*, 880 F.2d 860, 862-63 (6th Cir. 1988) (citation omitted). However, even if the court were to assume that plaintiff's other conditions are "severe," her reliance on *Higgs* is misplaced.

This is not a case in which a claimant has alleged only one impairment. In such cases, of course, an adverse determination at step two causes the entire application to be "screened out" as "totally groundless." By contrast, in the present case plaintiff alleges - and the ALJ recognized - multiple severe impairments. Accordingly, despite the finding that only some of the alleged impairments were "severe," plaintiff's claim survived step two. *See, e.g., Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

The ALJ then went on to consider plaintiff's additional allegations in reaching his RFC conclusion. On appeal, plaintiff primarily cites her purported musculoskeletal impairments as a source of error. The ALJ twice correctly noted that "disability" requires the existence of an impairment or impairments that have "lasted or can be expected to last for a continuous period of not less than 12 months." [Tr. 15-16]. The ALJ discussed plaintiff's foot complaints but obviously dismissed their severity due to the lack of follow-up care [Tr. 18], as the record documents only two doctor visits in a two-week period with no subsequent treatment, followed by plaintiff's repeated express denial of further problems.

7

The ALJ "considered the claimant's subjective complaints of disabling pain and other symptoms" but concluded that she did "not have a medically determinable impairment which would be expected to result in restrictions in the performance of light work." [Tr. 19]. The court finds the ALJ's decision to be supported by substantial evidence.

On July 21, 2004, plaintiff first complained to Dr. Andrew Brockmyre regarding numbness in her right hand and feet. [Tr. 228]. Plaintiff then visited Dr. Steven Hanam on July 28, 2004, complaining of a "several month" history of worsening pain, tenderness, throbbing, and tingling in the feet. [Tr. 211]. Examination revealed pain upon pressure at the third interspace of the right foot and at the second interspace of the left foot. [Tr. 211]. Dr. Hanam diagnosed bilateral Morton's neuroma, performed a corticosteroid injection, and instructed plaintiff to return in two weeks. [Tr. 211].[2]

Plaintiff visited Dr. Hanam again on August 11, 2004. The severity of her condition was termed "moderate," with pain worsened by standing or walking. [Tr. 210]. Dr. Hanam ordered imaging of the feet, discussed treatment options, and instructed plaintiff to return in another two weeks. [Tr. 210]. The administrative record reflects no further visits to Dr. Hanam.

When plaintiff returned to Dr. Brockmyre on October 8, 2004, she complained only of sinus trouble of one week's duration. [Tr. 225-26]. Dr. Brockmyre termed plaintiff's extremities "normal." [Tr. 225]. At her next appointment in November 2004, the primary

---

[2] Morton's neuroma is a lesion secondary to "compression of a branch of the plantar nerve by the metatarsal heads." *Dorland's Illustrated Medical Dictionary* 1206, 1210-11 (29th ed. 2000).

8

complaint was a five-day episode of congestion following a trip to Atlanta. [Tr. 224]. She complained of no muscle aches, pain, numbness, or tingling. [Tr. 224]. Regarding the extremities, Dr. Brockmyre wrote, "Patient is ambulatory with a steady gait and free of acute injury, patient is able to move all extremities with [full range of motion], and denies pain with movements." [Tr. 223]. Dr. Brockmyre described the extremities in identical language following plaintiff's December 2004 appointment. [Tr. 221-22].[3]

In light of the administrative record as summarized above, the court finds no error. Substantial evidence amply supports the ALJ's conclusion that plaintiff's musculoskeletal complaints did not limit her ability to work for a period of at least twelve months. It is further noted that the RFC assessment by Dr. Naramore, which the ALJ relied upon in forming his vocational hypothetical, took into account the diagnosis of Morton's neuroma [Tr. 214] and is the only vocational assessment of record.

---

[3] For the reasons stated in footnote one of this memorandum, plaintiff's late-submitted medical records have not been considered in the resolution of this appeal. The court is nonetheless compelled to note that, even if they were considered, the additional records would be of no assistance to plaintiff. The only physician record not already on file is from a visit with Dr. Brockmyre on October 25, 2005, the day immediately following plaintiff's administrative hearing. At the hearing, plaintiff claimed severe asthma and allergies. [Tr. 265]. At her physician appointment the next day, however, Dr. Brockmyre observed "no Nasal drainage, no sore/scratchy throat . . . [lungs] Clear to auscultation bilaterally without wheezes, rales, or rhonchi. Normal expansion with good breath sounds to bases bilaterally. [] Patient is in no respiratory distress." [Tr. 257-58]. At the administrative hearing, plaintiff also claimed disabling arthritis in the hands and feet causing "a lot of pain," cramping, and difficulty grasping, standing, and walking. [Tr. 265-68]. The following day, however, Dr. Brockmyre observed "no pain in legs when walking . . . no Numbness or tingling . . . no muscle aches . . . in no acute distress . . . Patient is ambulatory with a steady gait and free of acute injury, patient is able to move all extremities with [full range of motion], and denies pain with movements." [Tr. 257-58].

Lastly, the court notes that as an apparent afterthought in her briefing plaintiff also appears to suggest that her allegations of fatigue, weakness, dizziness, facial pain, headaches, depression, and anxiety constitute additional "severe" impairments. [Doc. 13, p.12]. Plaintiff, however, offers no developed argumentation as to how these allegations meet statutory requirements such as severity and twelve-month duration. The argument is therefore waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (citation omitted).

In addition, the alleged severity and duration of these additional complaints do not appear to be supported by the objective record. For example, although plaintiff reported situational depression in November 2004 [Tr. 223-24], nurse practitioner Kim Sturgill recorded plaintiff's statement in June 2002 that "normally she doesn't have any depression or anxiety . . . ." [Tr. 128].

## VI.

*Conclusion*

The final decision of the Commissioner will be affirmed. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge